M. P. Nos. 78-289, 78-311. STATE OF RHODE ISLAND *v.* STEPHEN J. WILSON. These cases are before the court on the defendant's motion for release on bail pending determination of two petitions for certiorari filed by the State, and a certification concerning the constitutionality of the Uniform Act for Out of State Parolee Supervision which has been adopted by this State. G.L. 1956 (1969 Reenactment) §13-9-1, et. seq.

On April 19, 1976, defendant was granted permission by New Jersey authorities to reside in the State of Rhode Island as a parolee and to be supervised by the appropriate agency representatives in this state. As a condition thereof, defendant signed an application dated March 23, 1976, and an agreement dated May 28, 1976, in which he agreed to the conditions of his parole, to waive extradition to the State of New Jersey and also agreed that he would not contest any effort by any state to return him to the State of New Jersey.

On August 15, 1977, defendant was arrested in this state for possession of 200 lbs. of marijuana with intent to deliver and also for possession of cocaine, and related conspiracy charges.

On August 22, 1977, a warrant lodged against Wilson by the State of New Jersey asking that he be detained to await a determination concerning revocation of parole. After some

initial hearings, defendant was brought before a justice of the Superior Court on petition for habeas corpus on July 25, 1978. He was released on personal recognizance. From this order the State filed a petition for certiorari and requested a stay. The stay was granted on July 26, 1978 by a justice of this court who also ordered that defendant be held without bail in Rhode Island until further order of this court.

On July 28, 1978, defendant again went before the same justice of the Superior Court, who enjoined Rhode Island and New Jersey authorities from removing defendant from the state. He also found that defendant had signed the parole agreement "under duress," and certified the question of the constitutionality of the Uniform Act to this court. From the order of July 28, 1978, purporting to release the defendant on personal recognizance, enjoining the removal of defendant from this state, and finding that defendant had signed the parole agreement "under duress," the State filed a second petition for certiorari on August 17, 1978.

On October 10, 1978, we granted the petitions for certiorari and ordered that pending the transmission of the record and the filing of briefs, the defendant be given a hearing by the Superior Court on the issue of probable cause in respect to the allegation of violation of his parole in the State of New Jersey.

A Justice of the Superior Court, after hearing on December 4, 1978, determined that there was probable cause to believe the defendant to be a violator of his New Jersey parole status and ordered that the defendant be held without bail pending further proceedings.

The defendant complains that he has been confined for an unduly lengthy period of time, and further states that the State of New Jersey has lost interest in securing his return to that state.

From the record as set forth above, the State of New Jersey cannot be faulted for having failed to seek the defendant's return as a parole violator. Orders obtained by this defendant in the Superior Court have inhibited the State of New Jersey

from implementing its right to return the defendant under the parole agreement. If the proceedings have been protracted, the defendant's resistance and challenges in the Superior Court have inevitably required such a result.

The defendant requests in his current motion that New Jersey be ordered to act upon its detainer no later than December 21, 1978. In order for such a mandate to enter, it would be necessary for the defendant to withdraw his challenge to the right of the State of New Jersey to effectuate his return. In the present posture of the cases before this court, we have no choice save to hold the defendant without bail, subject to the detainer, until the questions which he has raised have been resolved.

In the event that the defendant chooses to waive these challenges, this court would be willing to set a time frame within the New Jersey authorities would be required to act. Otherwise, we are unable to require the State of New Jersey to take any steps until the injunctions presently outstanding have been lifted, if indeed that should be the ultimate outcome in resolution of the questions before us.

When the briefs and record have filed in this court, we should, of course, entertain a request from either party for a special assignment.

The defendant's motion for release on bail pending determination of two petitions for certiorari is hereby denied. *Julius C. Michaelson*, Attorney General, *James Leavey*, Assistant Attorney General, *John S. Foley*, Special Assistant Attorney General, *Nancy Marks Rahmes*, Special Assistant Attorney General, for plaintiff. *Thomas H. Quinn, Jr.*, for defendant.